# MEMORANDUM OPINION

No. 04-08-00349-CR

**IN RE** Eric Ricardo **TORRES**,

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and filed:   June 11, 2008

PETITION FOR WRIT OF MANDAMUS DISMISSED
FOR LACK OF JURISDICTION

On May 21, 2008, relator filed a petition for writ of mandamus asking this court to order respondent to set aside his 1993 judgment of conviction on the grounds that the sentence was "illegal and unauthorized" because his sentence exceeds the statutory maximum.

Although the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig.

---

[1] This proceeding arises out of Cause No. 3039, styled *State of Texas v. Eric Ricardo Torres*, filed in the 216th Judicial District Court, Kendall County, Texas.

proceeding). Because the complaint raised in relator's mandamus petition relates to a final post-conviction felony proceeding, we are without jurisdiction to consider his mandamus petition. Accordingly, relator's petition for a writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish