OPINION ISSUED JUNE 27, 2008 














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00514-CR

____________


IN RE ROLANDO RAMOS, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION

 Relator, Rolando Ramos, has filed a petition for writ of mandamus requesting
that this Court direct the respondent trial court (1) to vacate its post-conviction order of 
August 22, 1991 and direct respondent to issue a ruling on a post-conviction writ of
habeas corpus. (2)

 Relator's petition does not meet the requirements of the Texas Rules of
Appellate Procedure. For example, it does not include an appendix, and it does
not certify that a copy was served on respondent. (3) See Tex. R. App. P. 9.5, 52.3(j).

 Moreover, this Court has no authority to issue a writ of mandamus to
compel a district court judge to rule on a petition for writ of habeas corpus in
which the judgment of conviction is final. In re McAfee, 53 S.W.3d 715, 718
(Tex. App.--Houston [1st Dist.] 2001, orig. proceeding). This is because
jurisdiction to grant post-conviction habeas corpus relief in felony cases rests
exclusively with the Texas Court of Criminal Appeals. Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 S.W.2d 481,
483 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon
Supp. 2007).

 Therefore, the petition for writ of mandamus is dismissed for want of
jurisdiction.

 It is so ORDERED.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Relator names as respondent the Honorable Patricia Lykos, 180th District
Court Judge (1981-1994), Harris County.
2. Relator entered a plea of guilty to the offense of burglary, in trial court cause
number 604443, on August 22, 1991. The trial court sentenced appellant to
confinement for 15 years. 
3. The certificate of service states that the mandamus was sent to the Clerk of
Court for the First Court of Appeals.