*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00651-CR

**IN RE** Darryl **BRADSHAW**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Alma L. López, Chief Justice
           Phylis J. Speedlin, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:   September 24, 2008

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On August 25, 2008, relator Darryl Bradshaw filed a petition for writ of mandamus seeking to compel the Honorable Philip Kazen, the clerk of the 227th Judicial District Court, District Attorney Susan Reed, and public defender Michael Robbins to provide him with a copy of the indictment charging him with retaliation in Cause No. 2007-CR-5359. Relator was originally charged with both retaliation and burglary of a habitation with intent to commit assault arising out of the same incident. Relator acknowledges that after he was convicted of burglary, the retaliation charge was dismissed. Relator was sentenced to eight years' confinement for the burglary conviction. Relator appealed the conviction and this court affirmed the judgment of the trial court.

---

[1] This proceeding arises out of Cause No. 2007-CR-5359, styled *The State of Texas v. Darryl Bradshaw*, filed in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip Kazen presiding.

*Bradshaw v. State*, No. 04-07-00240-CR, 2008 WL 780671 (Tex. App.—San Antonio March 26, 2008, pet. ref'd). Although the retaliation charge against relator was dismissed and he was only convicted of burglary, relator still seeks to obtain a copy of the indictment relating to the retaliation charge.

The only respondent who may have a duty to deliver a copy of the indictment is the clerk of the court. *See* CODE CRIM. PROC. ANN. art. 25.01 (Vernon Supp. 2008). When the defendant is first indicted, the clerk of the court is required to deliver a certified copy of the indictment to the sheriff who then delivers it to the defendant. *Id*. However, this court has no mandamus jurisdiction over a clerk of a court unless the issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (Vernon 2004); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). Relator asserts that obtaining a copy of the indictment will have a direct effect on the appeal of his burglary conviction. However, because this court has already issued an opinion affirming the judgment of the trial court and mandate has issued, we no longer have jurisdiction over the case. *See In re Washington*, No. 08-07-00085-CR, 2007 WL 1168373, *1 (Tex. App.—El Paso April 19, 2007, orig. proceeding); *see also In re McAfee*, 53 S.W.3d 715, 716 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Therefore, the issuance of a writ is not necessary to enforce this court's jurisdiction.

Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH