Opinion issued January 29, 2009 

 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00028-CR
____________

IN RE DARYLE WAYNE FITTS Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINIONRelator, Daryle Wayne Fitts, has filed a pro se petition for writ of mandamus
in this Court, complaining that respondent


 has not forwarded documents to the Court
of Criminal Appeals related to an article 11.07 writ of habeas corpus. See Tex. Code
Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008). In his petition, relator requests
this Court to make a finding that the respondent has not transmitted documents
pertaining to his post- conviction writ of habeas corpus to the Court of Criminal
Appeals. Relator also requests this Court to order respondent to send copies of
documents related to his writ of habeas corpus to the Court of Criminal Appeals. 
          This Court has mandamus jurisdiction against a district court judge or county
court judge in our district, and all writs necessary to enforce our jurisdiction. See
Tex. Gov’t Code Ann. § 22.221 (Vernon 2008). We have no authority to issue a
writ of mandamus against a district clerk unless such is necessary to enforce our
jurisdiction. See Tex. Gov. Code Ann. § 22.221 (b) (Vernon Supp. 2008); In re
Coronado, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). 
          While courts of appeals have mandamus jurisdiction in criminal matters, only
the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony
proceedings. See Tex. Code Crim. Proc. Ann. Art. 11.07 § 3 (Vernon Supp. 2008);
In re McAfee, 53 S.W. 3d 715, (Tex.App.—Houston [1st Dist.] 2001, no pet.). 
Because the District Clerk is not a judge, and the acts relator would have her perform
do not affect our jurisdiction, we have no jurisdiction to consider it.Accordingly, we dismiss relator’s petition for writ of mandamus for lack of
jurisdiction.
PER CURIAM
Panel consists of Justices Taft, Bland, and Sharp. 
Do not publish. Tex. R. App. P. 47.2(b).