In re Carl Ulysses McAFEE, Relator.

No. 01–01–00314–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 26, 2001.

Carl Ulysses McAfee, Rosharon, for Relator.

Charles A. Rosenthal, Jr., Dist. Attorney-Harris County, Baldwin D. Chin, Asst. Dist. Atty., Houston, for State.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

## OPINION

PER CURIAM.

Relator, Carl Ulysses McAfee, has filed an unverified petition for writ of mandamus complaining that Judge Huffman[1] failed to respond to his application for writ of habeas corpus filed in conformance with TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2001). The Court concludes that it does not have jurisdiction to grant mandamus relief.

### Background to the petition

According to the petition for writ of mandamus, relator is an inmate in the Texas Department of Criminal Justice—Institutional Division. He was convicted of a felony in the 183rd District Court of Harris County, Texas, trial court cause no. 330,638–D. The judgment is final.

The petition for writ of mandamus states that relator filed an application for writ of habeas corpus on December 26, 2000, in trial court cause no. 330638–D. Relator maintains that since that date, there has been no response from the trial court judge. He asks this Court to issue its writ ordering Judge Huffman to respond to his application for writ of habeas corpus.

A copy of the purported application for writ of habeas corpus is attached to the petition for writ of mandamus, but contains no clerk's office file stamp. The application for writ of habeas corpus asserts that relator "was denied his mandatory supervision release."

The State urges two reasons why this Court should not grant the mandamus relief requested by relator. The first is that article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals, citing to *Ex parte Hoang*, 872 S.W.2d 694, 697 (Tex.Crim.App.1993) and TEX.CODE CRIM. PROC. ANN. art. 11.07. The second reason, supported by an affidavit of a Harris County deputy district clerk, is that the clerk's office has no record of any application for writ of habeas corpus being filed in trial court cause no. 330638 D on or about December 26, 2000.

### Analysis

Section 22.221 of the Texas Government Code (Vernon Supp.2001) authorizes a court of appeals to issue a writ of mandamus in two instances: (1) when necessary to enforce the court's jurisdiction, TEX. GOV'T CODE ANN. § 22.221(a) (Vernon Supp. 2001), or (2) against a judge of a district or county court in the court of appeals district, TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon Supp.2001) or a judge of a district court acting as a magistrate at a court of inquiry, TEX. GOV'T CODE ANN.

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The Honorable Joan Huffman, judge of the 183rd District Court of Harris County, Texas.

§ 22.221(b)(2) (Vernon Supp.2001). In this proceeding, no basis exists for jurisdiction under section 22.221(a), there being no appeal pending. Nor is there a basis for jurisdiction under section 22.221(b)(2). Facially, an argument can be made that section 22.221(b)(1) provides a basis for jurisdiction here.

The courts of appeals have mandamus jurisdiction over criminal law matters concurrent with the mandamus jurisdiction of the Texas Court of Criminal Appeals. *Dickens v. Second Court of Appeals,* 727 S.W.2d 542, 548 (Tex.Crim.App. 1987). To obtain mandamus relief in criminal law matters in the courts of appeals, a relator must establish that (1) the act he seeks to compel is ministerial, rather than discretionary in nature, and (2) no other adequate remedy at law is available. *See Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 586 (Tex.Crim.App.1993).

However, while the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex.Code Crim. Proc. Ann. art. 11.07, § 5 (Vernon Supp.2001); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); *Smith v. Lynaugh,* 792 S.W.2d 110, 111 (Tex.App.—Houston [1st Dist.] 1990, no writ); *see, e.g., McCree v.. Hampton,* 824 S.W.2d 578, 579 (Tex.Crim.App.1992) (considering application for original writ of mandamus to compel trial judge to act on a petition filed pursuant to article 11.07).

An application for writ of habeas corpus under article 11.07 must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk must assign the application to the convicting court. Tex.Code Crim. Proc. Ann. art. 11.07, § 3(b) (Vernon Supp.2001). When the application is received by the convicting court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, issues by operation of law. *Id.* The clerk of the convicting court assigns a file number to the case, ancillary to that of the conviction being challenged, and forwards a copy of the application to the attorney representing the State in the convicting court, who must answer it within 15 days. *Id.* Matters alleged in the application, but not admitted by the State, are deemed denied. *Id.*

Within 20 days of the expiration of the time in which the State is allowed to answer the application, the convicting court must decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. Tex.Code Crim. Proc. Ann. art. 11.07, § 3(c) (Vernon Supp.2001). If the convicting court decides that there are no such issues, the clerk must immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which the court's finding was made. *Id.* If the court does not act within the 20 day period, such a finding is deemed made. *Id.*

If the convicting court decides that there are controverted, previously unresolved facts material to the legality of the applicant's confinement, the court must enter an order within 20 days of the expiration of the time allowed for the State to reply, designating the issues of fact to be resolved. Tex.Code Crim. Proc. Ann. art. 11.07, § 3(d) (Vernon Supp.2001). After the convicting court makes findings of fact or approves the findings of the person designated to make them, the clerk of the convicting court must immediately transmit to the Court of Criminal Appeals, the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact. *Id.* The Court of Criminal Appeals may deny relief upon the findings and conclusions of

the hearing judge without docketing the cause, or may direct that the cause be docketed and heard as though originally presented or appealed to the Court of Criminal Appeals. TEX.CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp.2001).

· ▇ Section 5 is quite clear: "After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. TEX. CONST. art. V, § 5. We conclude that the courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under TEX.CODE CRIM. PROC. ANN. art. 11.07.

Accordingly, the petition for writ of mandamus is **dismissed for want of jurisdiction.**