NO. 12-03-00395-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RONNIE LYNN BYNUM,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION


 Appellant Ronnie Lynn Bynum seeks to appeal the trial court's finding that there are no
controverted, previously unresolved facts material to the legality of Appellant's confinement. We
dismiss the appeal for want of jurisdiction.


Background


 Appellant pleaded guilty to burglary of a habitation and was sentenced to eighteen years of
imprisonment. Sentence was imposed on March 29, 1991. Appellant filed an application for writ
of habeas corpus in 1998, which was denied. On October 14, 2003, the trial court received a second
application for writ of habeas corpus. In the second application, which was filed pursuant to article
11.07 of the Texas Code of Criminal Procedure, Appellant complains that he is being denied due
process and the proper application of time credits to his sentence. 

 On November 4, 2003, the State filed a response to Appellant's application. In its response,
the State contended that Appellant has failed to show specific facts establishing entitlement to a
subsequent review as required by article 11.07, section 4 of the Texas Code of Criminal Procedure. 
On the same day, the trial court determined that "there are no controverted, previously unresolved
facts material to the legality of [Appellant's] confinement." Appellant seeks to appeal the trial
court's finding.


Discussion


 An application for writ of habeas corpus under article 11.07 must be filed with the clerk of
the court in which the conviction being challenged was obtained, and the clerk must assign the
application to the convicting court. Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b) (Vernon Supp.
2004). When the application is received by the convicting court, a writ of habeas corpus, returnable
to the court of criminal appeals, issues by operation of law. Id. The clerk of the convicting court
assigns a file number to the case (ancillary to that of the conviction being challenged), and forwards
a copy of the application to the attorney representing the State in the convicting court, who must
answer it within fifteen days. Id. Within twenty days of the expiration of the time in which the State
is allowed to answer, the convicting court must decide whether there are controverted, previously
unresolved facts material to the legality of the applicant's confinement. Id., § 3(c). If the convicting
court decides there are no such issues, the clerk must immediately transmit to the court of criminal
appeals a copy of the application, any answers filed, and a certificate reciting the date upon which
that finding was made. Id. 

 Article 11.07, section 5 provides that "[a]fter conviction the procedure outlined in this Act
shall be exclusive and any other proceeding shall be void and of no force and effect in discharging
the prisoner." Id., § 5. The only courts referred to in article 11.07 are the convicting court and the
court of criminal appeals. In re McAfee, 53 S.W.3d 715, 718 (Tex. App.--Houston [1st Dist.] 2001,
orig. proceeding). The article contains no role for the court of appeals. Id. Consequently, we
conclude that we are without jurisdiction to review the merits of Appellant's appeal. Accordingly,
the appeal is dismissed for want of jurisdiction.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered December 17, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.



(DO NOT PUBLISH)