Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




IN RE: LASALLE LAFATTE 
WASHINGTON,


 Relator.
 §


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00085-CR


 

AN ORIGINAL PROCEEDING


IN MANDAMUS







OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator Lasalle Lafatte Washington has filed a pro se petition for writ of mandamus. 
Washington argues in his petition that he was denied access to the Court since his appointed counsel
failed to provide him with a copy of his appellate and reply briefs. Having failed to provide him with
such copies, Washington contends he was unable to timely file his petition for discretionary review. 
Washington requests an extension of time from this Court in order to file his petition for
discretionary review and to order his appointed attorney to provide him a copy of his appellate brief
and reply brief.

 In order to obtain mandamus relief, the relator must establish that (1) the act sought to be
compelled is ministerial and (2) there is no adequate remedy at law. Dickens v. Court of Appeals
for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). Under Section
22.221 of the Texas Government Code, this Court has the authority to issue a writ of mandamus in
two instances: (1) when necessary to enforce the court's jurisdiction or (2) against a judge or district
or county court or magistrate at a court of inquiry in the court of appeals district. See Tex. Gov't
Code Ann. § 22.221(a) & (b) (Vernon 2004); In re McAfee, 53 S.W.3d 715, 716 (Tex. App.--Houston [1st Dist.] 2001, orig. proceeding).

 For the following reasons, we dismiss Washington's petition for writ of mandamus. First,
the relief sought in Washington's mandamus petition is not necessary to enforce this Court's
jurisdiction because we no longer have jurisdiction over Washington's case. Washington was
convicted of aggravated assault with a deadly weapon. A timely appeal was filed and this Court
affirmed the judgment of the trial court in Washington v. State, No. 08-05-00035-CR, 2006 WL
304556 (Tex. App.--El Paso February 9, 2006, no pet.) (not designated for publication). Since
mandate has issued on Washington's appeal, this Court's jurisdiction is not an issue. See In re
McAfee, 53 S.W.3d at 717 (no basis for jurisdiction exists under Section 22.221(a) since no appeal
was pending). Secondly, Washington is not seeking mandamus against a proper party under Section
22.221(b). Therefore, Washington's petition for writ of mandamus is dismissed for want of
jurisdiction. See Tex.R.App.P.68.1.


 KENNETH R. CARR, Justice


April 19, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)