COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-025-CR

 

 

GARRY LEN BECKETT                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This court affirmed Appellant=s convictions for
aggravated sexual assault, aggravated robbery, and aggravated kidnapping in
2004, and mandate has already issued.[2]  In January 2007, Appellant requested that the
trial court  unseal medical records
submitted during the trial on the merits resulting in his convictions so that
he might use them to obtain postappellate relief.  The trial court denied Appellant=s motion, and he
filed a notice of appeal attempting to appeal from that order.  We sent a letter to Appellant requesting a
response showing grounds for continuing the appeal, as it appeared we lacked
jurisdiction because no statute authorizes an appeal from such an order.  We also note that this court does not have
jurisdiction in postconviction habeas matters.[3]  Appellant=s response does
not show grounds for continuing the appeal. 
Accordingly, we dismiss this case for want of jurisdiction.[4]

 

PER CURIAM

PANEL D:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  May 3, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Beckett v. State, No. 02-02-00450-CR, 2004 WL
726820, at *2 (Tex. App.CFort Worth, April 1, 2004, pet. ref=d) (mem. op.) (not designated for
publication), cert. denied, 545 U.S. 1105 (2005).





[3]See, e.g., In re McAfee,
53 S.W.3d 715, 718 (Tex. App.CHouston [1st Dist.] 2001, orig. proceeding) (AArticle 11.07 contains no role for
the courts of appeals; the only courts referred to are the convicting court and
the Court of Criminal Appeals.  Should an
applicant find it necessary to complain about an action or inaction of the
convicting court, the applicant may seek mandamus relief from the Court of
Criminal Appeals.@) (citing Tex. Const. art. V, ' 5).





[4]See Tex. R. App. P. 42.3(a), 43.2(f).