Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS







IN RE: ANGELO DEWELL BRANCH


 §


 


§


 


§


 


§


 


§






No. 08-07-00129-CR


 

AN ORIGINAL PROCEEDING 


IN MANDAMUS







MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator Angelo Dewell Branch ("Branch") seeks mandamus relief against this Court to
recall the mandate issued in Branch's case. Branch contends he is entitled to mandamus relief
because the visiting trial judge allegedly failed to take the mandated anti-bribery statement and
oath of office. Branch also argues the trial court's judgment was void because the presiding
visiting judge was disqualified since the case was held in a district court that was outside the
county of the judge's residence. For the following reasons, we dismiss Branch's petition for
mandamus for want of jurisdiction.

 A relator must establish that the act sought to be compelled is ministerial and that there is
no adequate remedy at law in order to be entitled to mandamus relief. Dickens v. Court of
Appeals for Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548 (Tex.Crim.App. 
1987). Under Section 22.221 of the Texas Government Code, this Court has the authority to
issue a writ of mandamus in two instances: (1) when necessary to enforce the court's
jurisdiction; or (2) against a judge of a district or county court or a judge of a district court acting
as a magistrate at a court of inquiry in the court of appeals district. See Tex.Gov't Code Ann.
§ 22.221(a) & (b)(Vernon 2004); In re McAfee, 53 S.W.3d 715, 716 (Tex.App.--Houston [1st 
Dist.] 2001, original proceeding).

 This Court affirmed Branch's murder conviction in Branch v. State, 774 S.W.2d 781, 782
(Tex.App.--El Paso 1989, pet. ref'd). The mandate in Branch's case was issued on February 23,
1990. Since the mandate has been issued, mandamus relief is not necessary to enforce this
Court's jurisdiction. See In re Washington, No. 08-07-00085-CR, 2007 WL 1168373, at *1
(Tex.App.--El Paso April 19, 2007, orig. proceeding)(not designated for publication). 
Additionally, mandamus relief is appropriate against a judge of a district or county court or judge
of a district court acting as a magistrate at a court of inquiry that are within the court of appeals
district. See Tex.Gov't Code Ann. § 22.221(a) & (b). In this case, Branch does not seek
mandamus relief against a proper party under Section 22.221(b). Thus, for the reasons stated, we
dismiss Branch's petition for writ of mandamus for lack of jurisdiction.




June 14, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)