COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-162-CR

DEBRA L. LEBOURNEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH 
DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This court affirmed Appellant’s convictions for felony theft in 2001, and mandate has already issued.
(footnote: 2)  In April 2007, Appellant filed a “Motion to Vacate Illegally Imposed Sentence” on grounds of newly discovered evidence and double jeopardy.  The trial court denied the  motion on April 12, 2007, and Appellant filed a timely notice of appeal attempting to appeal from that order.

We sent a letter to Appellant on May 1, 2007 requesting a response within ten days showing grounds for continuing the appeal, as it appeared we lacked jurisdiction because no statute authorizes an appeal from such an order.  We also note that this court does not have jurisdiction in postconviction habeas matters.
(footnote: 3)
 Appellant responded on May 29, including a motion for an extension of time to respond along with her response.  We grant her motion to extend time in part, accepting the response she filed with the motion.  Appellant’s response does not show grounds for continuing the appeal.  Additionally, because we hold that we do not have jurisdiction in this matter in any event, we deny her request for more time to file an additional response.  Accordingly, we dismiss this case for want of jurisdiction.
(footnote: 4)

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 28, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2:
See Lebourney v. State
, No. 02-99-00191-CR (Tex. App.—Fort Worth, Mar. 1, 2001, pet. ref’d) (not designated for publication).

3:
See
,
 e.g.
, 
In re McAfee
, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st
 Dist.] 2001, orig. proceeding) (“Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals.  Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals.”) (citing 
Tex. Const.
 art. V, § 5).

4:
See
 
Tex. R. App. P.
 
43.2(f).