COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-162-CR

 

 

DEBRA L. LEBOURNEY                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This court affirmed Appellant=s
convictions for felony theft in 2001, and mandate has already issued.[2]  In April 2007, Appellant filed a AMotion
to Vacate Illegally Imposed Sentence@ on
grounds of newly discovered evidence and double jeopardy.  The trial court denied the  motion on April 12, 2007, and Appellant filed
a timely notice of appeal attempting to appeal from that order.

We sent a letter to Appellant on May 1, 2007
requesting a response within ten days showing grounds for continuing the
appeal, as it appeared we lacked jurisdiction because no statute authorizes an
appeal from such an order.  We also note
that this court does not have jurisdiction in postconviction habeas matters.[3]

Appellant responded on May 29, including a motion
for an extension of time to respond along with her response.  We grant her motion to extend time in part,
accepting the response she filed with the motion.  Appellant=s
response does not show grounds for continuing the appeal.  Additionally, because we hold that we do not
have jurisdiction in this matter in any event, we deny her request for more
time to file an additional response. 
Accordingly, we dismiss this case for want of jurisdiction.[4]

 








 

 

PER CURIAM

PANEL D:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  June 28, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Lebourney v. State, No. 02-99-00191-CR (Tex. App.CFort
Worth, Mar. 1, 2001, pet. ref=d) (not designated for publication).





[3]See, e.g.,
In re McAfee, 53 S.W.3d 715, 718 (Tex. App.CHouston
[1st Dist.] 2001, orig. proceeding) (AArticle 11.07 contains no role for the courts of
appeals; the only courts referred to are the convicting court and the Court of
Criminal Appeals.  Should an applicant
find it necessary to complain about an action or inaction of the convicting
court, the applicant may seek mandamus relief from the Court of Criminal
Appeals.@) (citing Tex.
Const. art. V, ' 5).





[4]See Tex. R. App. P. 43.2(f).