MEMORANDUM OPINION



No. 04-08-00651-CR



IN RE Darryl BRADSHAW



Original Mandamus Proceeding (1)



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice

 

Delivered and Filed: September 24, 2008


PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

 On August 25, 2008, relator Darryl Bradshaw filed a petition for writ of mandamus seeking
to compel the Honorable Philip Kazen, the clerk of the 227th Judicial District Court, District
Attorney Susan Reed, and public defender Michael Robbins to provide him with a copy of the
indictment charging him with retaliation in Cause No. 2007-CR-5359. Relator was originally
charged with both retaliation and burglary of a habitation with intent to commit assault arising out
of the same incident. Relator acknowledges that after he was convicted of burglary, the retaliation
charge was dismissed. Relator was sentenced to eight years' confinement for the burglary
conviction. Relator appealed the conviction and this court affirmed the judgment of the trial court. 
Bradshaw v. State, No. 04-07-00240-CR, 2008 WL 780671 (Tex. App.San Antonio March 26,
2008, pet. ref'd). Although the retaliation charge against relator was dismissed and he was only
convicted of burglary, relator still seeks to obtain a copy of the indictment relating to the retaliation
charge. 

 The only respondent who may have a duty to deliver a copy of the indictment is the clerk of
the court. See Code Crim. Proc. Ann. art. 25.01 (Vernon Supp. 2008). When the defendant is first
indicted, the clerk of the court is required to deliver a certified copy of the indictment to the sheriff
who then delivers it to the defendant. Id. However, this court has no mandamus jurisdiction over
a clerk of a court unless the issuance of the writ is necessary to enforce our jurisdiction. See Tex.
Gov't Code Ann. § 22.221(a)-(b) (Vernon 2004); In re Coronado, 980 S.W.2d 691, 692 (Tex.
App.San Antonio 1998, orig. proceeding). Relator asserts that obtaining a copy of the indictment
will have a direct effect on the appeal of his burglary conviction. However, because this court has
already issued an opinion affirming the judgment of the trial court and mandate has issued, we no
longer have jurisdiction over the case. See In re Washington, No. 08-07-00085-CR, 2007 WL
1168373, *1 (Tex. App.El Paso April 19, 2007, orig. proceeding); see also In re McAfee, 53
S.W.3d 715, 716 (Tex. App.Houston [1st Dist.] 2001, orig. proceeding). Therefore, the issuance
of a writ is not necessary to enforce this court's jurisdiction.

 Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction. PER CURIAM

 

DO NOT PUBLISH 
1. This proceeding arises out of Cause No. 2007-CR-5359, styled The State of Texas v.
Darryl Bradshaw, filed in the 227th Judicial District Court, Bexar County, Texas, the Honorable
Philip Kazen presiding.