# NO. 12-09-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                          |   |                      |
|--------------------------|---|----------------------|
| *IN RE: LEONARD ROSS,*   | § |                      |
| *RELATOR*                | § | *ORIGINAL PROCEEDING* |
|                          | § |                      |

---

### *MEMORANDUM OPINION*

In this original mandamus proceeding, Relator Leonard Ross seeks an order compelling the trial court to vacate its order denying Relator's motion to take judicial notice of certain facts concerning an alleged plea agreement between Relator and the State.[1] Alternatively, Relator asks that we abate his "appeal" and "grant a (speedy) hearing for to fully develop the issues herein and herewith."[2]

Relator alleges in his mandamus petition that, in 1996, he agreed to testify before the grand jury and, in return, the State agreed Relator would be indicted for aggravated robbery instead of capital murder. After Relator's grand jury testimony, he was indicted for capital murder and is presently serving a life sentence for murder, a lesser included offense. On September 11, 2008, Relator filed an application for postconviction writ of habeas corpus on the grounds that the State breached its plea agreement with him and that his trial counsel was ineffective for failing to seek specific performance of the agreement. Relator subsequently filed a "Pro Se Motion Requesting Judicial Notice As Per Rule 201" in which he requested that Respondent take judicial notice of

---

[1] The respondent is the Honorable Kerry S. Russell, Judge of the 7th Judicial District Court, Smith County, Texas.

[2] Relator does not have an appeal pending in this court.

certain facts relating to the alleged plea agreement, its breach, and his counsel's ineffectiveness. He also requested a hearing on the motion. Respondent denied the motion, and Relator contends the denial was an abuse of discretion for which mandamus is available.

Jurisdiction to issue writs of mandamus in criminal law matters pertaining to habeas corpus proceedings seeking relief from final felony judgments lies exclusively with the Texas Court of Criminal Appeals. ***In re McAfee***, 53 S.W.3d 715, 717-18 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding). Intermediate appellate courts have no authority to issue writs of mandamus in such matters. *See **id.***; *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2008). Accordingly, Relator's petition for writ of mandamus is ***dismissed for want of jurisdiction***.


    **SAM GRIFFITH**  
Justice


Opinion delivered January 30, 2009.  
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)