NO. 07-09-0014-CV

NO. 07-09-0015-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 31, 2009

 

______________________________





EARL COOPER, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NOS. 57,019-E AND 58,020-E; HON. DOUGLAS WOODBURN, PRESIDING

________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 
Memorandum Opinion
          On January 8, 2009, Earl Cooper filed a document entitled “‘Notic[e] of Appeal’ for
post conviction psychiatric examination” in the district court. This document was forwarded
to this Court by the trial court’s clerk. In the document, Cooper complains that the trial
court failed to adhere to the deadlines required by Texas Code of Criminal Procedure
article 11.07. As such, we construe this document to be a petition for writ of mandamus
seeking the issuance of a writ ordering the trial court to comply with the procedures
mandated by article 11.07.
          Jurisdiction to issue writs of mandamus in criminal law matters pertaining to habeas
corpus proceedings seeking relief from final felony judgments lies exclusively with the
Texas Court of Criminal Appeals. In re McAfee, 53 S.W.3d 715, 717-18 (Tex.
App.–Houston [1st Dist.] 2001, orig. proceeding). Intermediate appellate courts have no
authority to issue writs of mandamus in such matters. See id.; Tex. Crim. Proc. Code Ann.
art. 11.07, § 3 (Vernon Supp. 2008). Accordingly, Cooper's petition for writ of mandamus
is dismissed for want of jurisdiction.
 


Mackey K. Hancock

Justice



riority="9" QFormat="true" Name="heading 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0224-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C 

 

AUGUST 24, 2010

 

______________________________

 

 

SHELDON KEITH CRAIN, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 47TH
DISTRICT COURT OF POTTER COUNTY;

 

NO. 54,073-A;
HONORABLE HAL MINER, JUDGE

 

_______________________________

 

Before QUINN, C.J., and
HANCOCK and PIRTLE, JJ.

MEMORANDUM
OPINION

            Appellant, Sheldon
Keith Crain, was charged by indictment with the offense of unlawful possession
of a firearm by a felon, enhanced.[1]  Pursuant to a plea bargain, Appellant entered
a plea of guilty and was assessed a sentence of six years confinement and a
fine of $1,000.  The trial court
certified Appellant=s right to appeal matters
raised by written motion filed and ruled on before trial.  See Tex. R. App. P. 25.2(a)(2)(A).[2]  On direct appeal, this Court determined that
the trial court did not err in denying Appellant's motion to suppress
evidence.  Disagreeing with this Court's
analysis whether Appellant's first interaction with the police was an encounter
or a detention, the Texas Court of Criminal Appeals reversed this Court,
holding that the trial court abused its discretion in denying Appellant's
motion to suppress all evidence, including a firearm, seized by the police when
Appellant was detained without reasonable suspicion.  Finding the erroneous denial of a motion to
suppress evidence obtained in violation of the Fourth Amendment to be
constitutional error, the Court then remanded the cause to this Court for a
harm analysis under Rule 44.2(a).  Crain v. State, No. PD-1262-09,
2010 Tex. Crim. App. LEXIS 794, *24 (Tex.Crim.App. June 30, 2010).            

            Under Rule 44.2(a), we evaluate the
entire record in a neutral, impartial, and even-handed manner, not in the light
most favorable to the prosecution and must reverse a judgment of conviction and
remand for a new trial unless we determine beyond a reasonable doubt that the
error did not contribute to Appellant's conviction or punishment.  Alford v. State, 22 S.W.3d
669, 673 (Tex.App.Fort Worth 2000, pet. refd).  Constitutional
error may, however, be held harmless if there is overwhelming untainted
evidence to support the conviction.  Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726,
23 L.Ed.2d 284 (1969).  In our
analysis, we must consider the source and nature of the error and its probable
collateral implications, as well as whether declaring it harmless would be
likely to encourage the State to repeat it with impunity.  Harris v. State, 790 S.W.2d 568, 587 (Tex.Crim.App. 1989).  We do not focus on the propriety of the
outcome, but calculate as much as possible the probable impact of the error on
the conviction in light of the existence of other evidence.  Wesbrook
v. State, 29 S.W.3d 103, 119 (Tex.Crim.App. 2000), cert. denied, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001).


            Appellant was convicted of unlawful
possession of a firearm by a felon under section 46.04(a) of the Texas Penal
Code.  A person commits a violation of
section 46.04(a) when the person has been convicted of a felony and is found in
possession of a firearm at any location other than the premises where the
person lives.  Tex. Penal Code Ann. § 46.04(a)
(Vernon Supp. 2009).  Here, the weapon
was found on Appellant's person, away from his residence.  Without the firearm that was discovered as a
result of his illegal detention, the State had no untainted evidence of an
essential element of the offense charged. 
Because Appellant's plea of guilty was conditional upon the correctness
of the trial court's ruling, we cannot say beyond a reasonable doubt that the
trial court's error made no contribution to Appellant's conviction.  Finding Appellant was harmed by the trial
court's error, his single issue is sustained.

CONCLUSION

            Accordingly, the judgment of the
trial court is reversed and this cause is remanded for further proceedings
consistent with this opinion. 

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice  

Do not publish.











[1]See Tex. Penal Code Ann.
' 46.04(a)(2) (Vernon Supp. 2009). 
The indictment also alleged that Appellant was previously convicted of a
felony (other than the felony relied upon by the State to prove the primary
offense), making the offense punishable as a second degree felony.  See Tex. Penal Code Ann. ' 12.42(a) (Vernon
Supp. 2009).





[2]For convenience, we will refer to
provisions of the Texas Rules of Appellate Procedure throughout the remainder
of this opinion simply as "Rule _____."