NO. 07-09-0014-CV
NO. 07-09-0015-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 31, 2009

_____

EARL COOPER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 57,019-E AND 58,020-E; HON. DOUGLAS WOODBURN, PRESIDING
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

On January 8, 2009, Earl Cooper filed a document entitled "'Notic[e] of Appeal' for post conviction psychiatric examination" in the district court. This document was forwarded to this Court by the trial court's clerk. In the document, Cooper complains that the trial court failed to adhere to the deadlines required by Texas Code of Criminal Procedure article 11.07. As such, we construe this document to be a petition for writ of mandamus

seeking the issuance of a writ ordering the trial court to comply with the procedures mandated by article 11.07.

Jurisdiction to issue writs of mandamus in criminal law matters pertaining to habeas corpus proceedings seeking relief from final felony judgments lies exclusively with the Texas Court of Criminal Appeals. In re McAfee, 53 S.W.3d 715, 717-18 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding). Intermediate appellate courts have no authority to issue writs of mandamus in such matters. See id.; TEX. CRIM. PROC. CODE ANN. art. 11.07, § 3 (Vernon Supp. 2008). Accordingly, Cooper's petition for writ of mandamus is dismissed for want of jurisdiction.

Mackey K. Hancock
Justice