

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00120-CV

IN RE LLEWELLYN HAWKINS                                      RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

We have considered relator's petition for writ of mandamus asking this court to grant mandamus relief in matters related to his application for an article 11.07 post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 5 (West Supp. 2012). But because the Texas Court of Criminal Appeals has exclusive jurisdiction over applications for habeas corpus relief under article 11.07, relator's petition does not raise an issue regarding the need to protect, or a threat to, our jurisdiction; thus, this court lacks jurisdiction to grant mandamus relief. *See id.*; *see also McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992) (reasoning that the Texas Court of Criminal Appeals has

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

jurisdiction to order the trial court to rule on applicant's post-conviction writ of habeas corpus.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (concluding that intermediate courts of appeals have no authority to issue writs of mandamus in criminal matters pertaining to article 11.07 writs).  Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

PANEL:  MEIER, J., LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED:  April 24, 2013