**Opinion issued July 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00370-CR

————————————

## IN RE ALVESTER CHARLES WILLIAMS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Alvester Charles Williams, has filed a petition for writ of mandamus, complaining that the trial court has not enforced its November 17, 2010 order relating to his post-conviction writ of habeas corpus.[1]

---

[1] Relator provides information indicating that this original proceeding arises out of cause number 1172394A, styled *Williams v. State*, pending in the 262nd District Court of Harris County, Texas, the Honorable Denise Bradley presiding.

This Court, an intermediate appellate court, has no jurisdiction over post-conviction writs of habeas corpus in felony cases.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.05, art. 11.07, § 3(a), (b) (Vernon 2005 & Vernon Supp. 2012); *Perry v. State*, 01-12-01051-CR, 2012 WL 6213718, at *1 (Tex. App.—Houston [1st Dist.] Dec. 13, 2012, orig. proceeding) (mem. op.) (not designated for publication) ("Article 11.07 contains no role for the courts of appeals."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that only Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings).

To complain about the action or inaction of the trial court in a post-conviction felony proceeding, relator must seek mandamus relief from the court of criminal appeals. *Perry*, 2012 WL 6213718, at *1; *In re McAfee*, 53 S.W.3d at 718. Therefore, we lack jurisdiction to grant mandamus relief in matters related to a post-conviction writ application. *See In re Livings*, No. 01-12-00860-CR, 2012 WL 4465520, at *1 (Tex. App.—Houston [1st Dist.] Sept. 27, 2012, orig. proceeding) (mem. op.) (not designated for publication) (concluding that intermediate appellate court had no jurisdiction in mandamus complaining that trial

---

[2]    Relator was convicted of the offense of felon in possession of a firearm for which he was sentenced to 28 years in prison. *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011). We affirmed relator's conviction in *Williams v. State*, 313 S.W.3d 393 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

court had failed to rule on motions filed in aid of post-conviction writ of habeas corpus); *In re McAfee*, 53 S.W.3d at 717–18.

## Conclusion

We dismiss the petition for writ of mandamus for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

## PER CURIAM

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).