**DENY in part, DISMISS in part; and Opinion Filed November 18, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01468-CV

### IN RE BABU SAMUEL KALLUVILAYIL, Relator

**Original Proceeding from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F91-00956-TH**

## MEMORANDUM OPINION

Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

In this original proceeding, relator contends the trial court has violated a ministerial duty by not ruling on relator's motions for post-conviction DNA testing, discovery, appointment of counsel, free copies of the record, and his indigence. Relator also contends the trial court violated a ministerial duty by not making findings of facts and conclusions of law or having an evidentiary hearing on his application for post-conviction writ of habeas corpus.

Relator has the burden to show he is entitled to mandamus relief by showing (1) the act he seeks to compel is ministerial and does not involve a discretionary or judicial decision, and (2) he has no adequate remedy at law. *See Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding). Relator did not attach to his petition any of the motions he contends he has filed and the trial court has failed to rule on. Thus, we conclude relator has not shown he is entitled to mandamus relief. *See id.*; *see also* TEX. R. APP. P. 52(k).

Moreover, this Court has no jurisdiction over relator's complaints regarding the trial court's failure to make findings of fact or conduct an evidentiary hearing on his application for post-conviction writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.07 (West 2005); *In re McFee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (per curiam).

Accordingly, we dismiss relator's complaints regarding his post-conviction writ of habeas corpus for want of jurisdiction. We deny relator's petition for writ of mandamus to the extent he complains of the trial court's failure to rule on his motions.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131468F.P05