**Dismiss and Opinion Filed April 17, 2014**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00389-CV

### IN RE CHARLES ANTHONY ALLEN, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV99-01573-V**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Relator filed a petition for writ of habeas corpus. The facts and issues are well known to the parties, so we need not recount them herein. This Court does not have jurisdiction over relator's petition for writ of habeas corpus. While the courts of appeals have concurrent mandamus jurisdiction with the court of criminal appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the court of criminal appeals has jurisdiction in cases collaterally attacking a final judgment of conviction of a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for

the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718.   Accordingly, we **DISMISS** the petition.

140389F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE