**DISMISS; Opinion Filed August 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01006-CV
### No. 05-14-01007-CV
### No. 05-14-01008-CV

### IN RE EMANUAL DELEON FIELDS, Relator

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-54898-N; F01-54899-N; F01-54900-N**

## MEMORANDUM OPINION
Before Justices Moseley, Fillmore, and Evans
Opinion by Justice Evans

Relator filed this petition for writ of mandamus complaining that the trial court has failed to address his complaint that the sentence he is serving is void because the judgment of conviction improperly included a deadly weapon finding. The facts and issues are well-known to the parties, so we do not recount them here. This Court does not have jurisdiction over relator's petition. The only proper means of collaterally attacking a final felony conviction is via petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 §5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped the exclusive authority of court of criminal appeals to grant post-conviction relief).

"Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The exclusive jurisdiction of the court of criminal appeals to grant post-conviction relief extends to attempts to delete deadly weapon findings. *In re Weisinger,* No. 12-11-00101-CR, 2011 WL 4549409, at *1 (Tex. App.—Tyler Sept. 30, 2011, orig. proceeding). Accordingly, we **DISMISS** the petition for writ of mandamus for want of jurisdiction.

/ David Evans/

DAVID EVANS
JUSTICE

141006F.P05