In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00317-CR
_____

IN RE AARON CHARLES HILL

Original Proceeding

MEMORANDUM OPINION

Relator Aaron Charles Hill filed a petition for writ of mandamus, in which he complains that the Clerk of the Ninth Court of Appeals failed to forward a copy of his post-conviction application for writ of habeas corpus to the Court of Criminal Appeals.[1] The Clerk of the Court of Appeals has no role in forwarding post-conviction habeas petitions to the Court of Criminal Appeals; rather, the clerk of the convicting court must transmit the application to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c) (West Supp. 2013). We take judicial notice that the District Clerk of Jefferson County is Jane Birge, and

_____

[1]This Court recently affirmed the trial court's judgments of conviction. *Hill v. State*, Nos. 09-13-00479-CR, 09-13-00480-CR, 2014 WL 3387383 (Tex. App.—Beaumont July 9, 2014, no pet. h.).

1

we consider this petition as if she had been named as the respondent. *See* Tex. R. Evid. 201; Tex. R. App. P. 52.2.

Other than to protect our jurisdiction, this Court's mandamus jurisdiction does not extend to the District Clerk. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). The proceedings at issue are post-conviction matters that do not implicate this Court's jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a). Mandamus relief in a post-conviction habeas proceeding must be obtained from the Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on August 19, 2014
Opinion Delivered August 20, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.