**DISMISS and Opinion Filed October 3, 2014**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01253-CV

### IN RE MELVIN RAMBO, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F89-97544**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang, and Brown
Opinion by Justice Lang

Relator filed this petition for writ of mandamus contending that the district clerk has violated a ministerial duty in failing to transmit his petition for writ of habeas corpus to the court of criminal appeals. This Court has mandamus jurisdiction over the district clerk only when the actions of the district clerk interfere with the exercise of this Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (West 2004); *In re Phillips,* No. 05–14–00683–CV, 2014 WL 2609217, at *1 (Tex. App.—Dallas June 10, 2014, orig. proceeding) (mem. op.); *In re Chumbley,* No. 05–13–00881–CV, 2013 WL 3718070, at *1 (Tex. App.—Dallas July 12, 2013, orig. proceeding) (mem. op). Relator has not asserted facts that would, if proven, establish that the district clerk's actions interfere with the jurisdiction of this Court because this Court does not have jurisdiction to issue a writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (court of criminal appeals, district courts and county courts have power to issue writ of habeas corpus); *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)

("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals."). Accordingly, this Court lacks mandamus jurisdiction. We **DISMISS** the petition.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

141253F.P05