**Dismissed and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01347-CV

### IN RE KEVIN MENNIEFEE, Relator

**Original Proceeding from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 28736A-86**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald, and Justice Francis
Opinion by Justice FitzGerald

Relator filed this petition for writ of mandamus seeking to compel rulings on three motions filed in conjunction with his petition for writ of habeas corpus. The trial court signed an order on August 13, 2013 designating issues with regard to the petition for writ of habeas corpus, ordering affidavits from relator's trial and appellate counsel regarding relator's ineffective assistance of counsel claim, and granting the state leave to file an amended answer.

Relator attached three file stamped motions, among other things, in support of his petition for writ of mandamus. His "Motion for Statutory Presumption of Innocence," file stamped September 20, 2013, invokes the presumption of innocence, argues that the state failed to produce evidence sufficient to support his guilty plea, and complains of ineffective assistance of counsel. His "Motion for Judgment as a Matter of Law," file stamped March 20, 2014, complains of the failure of his trial and appellate counsel to prepare sworn affidavits regarding

the relator's ineffective assistance of counsel claim. His "Motion for Evidentiary Hearing," file stamped April 7, 2014, seeks an evidentiary hearing on the petition for writ of habeas corpus.

Because each of the motions touches or concerns the very issues raised by the petition for writ of habeas corpus, this Court lacks jurisdiction over relator's petition for writ of mandamus. The intermediate courts of appeals have no original jurisdiction over petitions for habeas corpus relief in connection with criminal proceedings. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) (limiting habeas corpus jurisdiction of intermediate courts of appeals to civil matters); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (granting original jurisdiction in cases seeking writs of habeas corpus in criminal cases to the court of criminal appeals, districts courts, and county courts). Accordingly, the intermediate courts of appeals also have no mandamus jurisdiction in matters related to pending petitions for writ of habeas corpus. "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee,* 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

We **DISMISS** the petition for want of jurisdiction.

141347F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE