

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§     No. 08-15-00194-CR

IN RE:  ANGEL ROMERO,
§     AN ORIGINAL PROCEEDING

Relator.
§     IN MANDAMUS

§

§

## MEMORANDUM OPINION

Relator, Angel Romero, has filed a petition for writ of mandamus against the Honorable Patrick Garcia, Judge of the 384th District Court of El Paso County, Texas.  Relator seeks an order compelling Respondent to modify the certification of defendant's right to appeal[1] to reflect that Relator did not voluntarily waive his right to appeal in 2010 when he entered the guilty plea. We dismiss the mandamus petition for lack of jurisdiction.

Based on the facts alleged in his mandamus petition, Relator entered a negotiated plea of guilty to multiple felony offenses in 2010, and the trial court assessed in punishment in accordance with the plea bargain at imprisonment for twenty years on each count.  Relator filed notice of appeal and the trial court certified that Relator had waived the right to appeal.  On February 23, 2011, we dismissed his appeal because the record reflected that Relator had waived the right to appeal.  *Romero v. State*, No. 08-10-00357-CR, 2011 WL 664688 (Tex.App.--El

---

[1] *See* TEX.R.APP.P. 25.2(d).

Paso Feb. 23, 2011, no pet.).

In his mandamus petition, Relator asserts that his waiver of the right to appeal was not voluntary because he intended to reserve the right to appeal certain pre-trial rulings. Relator is effectively attempting to challenge his final felony convictions. The exclusive remedy available to Relator is an application for writ of habeas corpus. As an intermediate appellate court, we have no original habeas jurisdiction in criminal matters. *See In re McAfee*, 53 S.W.3d 715, 717 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding). Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07, § 3 (West 2015). Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction.

July 8, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)