

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00347-CV

IN RE DERICK DUNCAN          RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 0713718D 0402719D

----------

## MEMORANDUM OPINION[1]

----------

Relator seeks a writ of mandamus to compel Tarrant County District Clerk Tom Wilder to transmit copies of Relator's application for writ of habeas corpus, any answers filed, the convicting court's finding, and any related filings to the Texas Court of Criminal Appeals in accordance with article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c)

---

[1]*See* Tex. R. App. P. 47.4.

(West 2015). The intermediate courts of appeals have no authority to issue a writ of mandamus against a district clerk unless the clerk is interfering with the court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (providing that intermediate courts of appeals may only issue writs of mandamus against district and county judges or as necessary to enforce their jurisdiction); *In re Brooks*, No. 02-11-00192-CV, 2011 WL 2436751, at *1 (Tex. App.—Fort Worth June 15, 2011, orig. proceeding). The intermediate courts of appeals do not have jurisdiction over matters related to article 11.07 applications for writs of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5; *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals.").

As Relator does not raise a complaint that the district clerk is interfering with this court's jurisdiction, we dismiss his petition for writ of mandamus for lack of jurisdiction. *See In re Guajardo*, No. 03-11-00821-CV, 2012 WL 254675, at *1 (Tex. App.—Austin Jan. 25, 2012, orig. proceeding) (dismissing relator's petition for writ of mandamus for lack of jurisdiction when relator sought to compel district clerk to transmit habeas application and related filings to Court of Criminal Appeals); *In re Brooks*, 2011 WL 2436751, at *1 (same).

Because we dismiss Relator's petition for writ of mandamus for lack of jurisdiction, we likewise dismiss his motion concerning Rule 2 of the Texas Rules

of Appellate Procedure and his motion concerning the appointment of appellate counsel.

PER CURIAM

PANEL:  WALKER, GARDNER, and GABRIEL, JJ.

DELIVERED:  November 12, 2015