**Petition for Writ of Mandamus Dismissed and Opinion filed May 26, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00382-CR

---

### IN RE JAMES THOMAS GREEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 715266**

---

## MEMORANDUM OPINION

In 1995 a jury convicted relator James Thomas Green of murder and the trial court sentenced him to confinement for 35 years in the Institutional Division of the Texas Department of Criminal Justice. This court affirmed his conviction. *Green v. State*, No. 14–96–01536–CR, 1999 WL 33620 (Tex. App.—Houston [14th Dist.]

Jan. 28, 1999, pet. ref 'd) (not designated for publication), cert. denied, 529 U.S.1059 (2000).

On May 10, 2016, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Katherine Cabaniss, presiding judge of the 248th District Court of Harris County, to rule on relators' "Petition for Declaratory Judgment" and "Supplement to Petition for Declaratory Judgment" that relator allegedly filed with that court.

The petition for declaratory judgment and supplement pose various questions for the trial court to answer, but in essence they seek a declaratory judgment that the prosecutor's abandonment of a paragraph in the indictment resulted in an acquittal that is not reflected in the judgment against relator.

Accordingly, relator's petition for writ of mandamus constitutes a collateral attack on his final felony conviction. Such an attack falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 3. Article 11.07 provides the exclusive means to challenge a final felony conviction. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist*., 910 S. W.2d 481, 483 (Tex. Crim. App. 1995). While the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "This court has no authority to issue a writ of mandamus to compel a

2

district court to rule on matters seeking post-conviction relief in felony convictions in which the judgment is final." *In re Green*, 14-11-00732-CR, 2011 WL 4036588 (Tex. App.—Houston [14th Dist.] Sept. 13, 2011, orig. proceeding) (per curiam) (mem. op.).

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).