**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 12, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00661-CR

---

### IN RE JOSEPH BARNARD HINES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 809,892-C**

---

## MEMORANDUM OPINION

On Thursday, September 7, 2023, relator Joseph Barnard Hines filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable DaSean Jones, presiding judge of the 180th District Court of Harris County, to comply with its Order Designating Issues. This order concerns the

designation of controverted issues relating to relator's dismissed habeas application.

## Analysis

Relator complains the trial court did not comply with its own Order Designating Issues. However, relator previously petitioned the Court of Criminal Appeals for a writ of mandamus requesting the trial court be ordered to comply with its Order Designating Issues, which was granted and issued. Relator avers that "[T]he 180th district court responded by submitting the records on the writ of habeas corpus without resolving the issues or entering a facts findings and conclusion of law [sic]."

The compliance of the trial court with the Court of Criminal Appeals is beyond the purview of this court in this matter. "Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (concluding that the courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Tex. Code Crim. Proc. Ann. art. 11.07). Because this court lacks jurisdiction to consider relator's complaint related to the inaction of a convicting court, we dismiss for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).