**DISMISSED and Opinion Filed February 12, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00025-CV

### IN RE BRIAN KEITH MELTON, Relator

**Original Proceeding from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32651-CR**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Reichek

In his January 8, 2024 petition for writ of mandamus, relator contends that the trial court's judgment of conviction entered against him is void for various reasons and asks this Court to compel the trial court to vacate the judgment.

The petition does not comply with Rule 52 of the Texas Rules of Appellate Procedure, and, in any event, we lack jurisdiction to entertain the petition. This proceeding is a collateral attack on a final conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony

proceedings. *Id.*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.— Houston [1st Dist.] 2001, orig. proceeding) (per curiam).

Accordingly, we dismiss this proceeding for want of jurisdiction.



/Amanda L. Reichek/
AMANDA L. REICHEK
220025F.P05                                          JUSTICE