

**NUMBER 13-09-00346-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE: GLENN LACY DURHAM**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Per Curiam Memorandum Opinion[1]**

Relator, Glenn Lacy Durham, has filed a pro se petition for writ of mandamus in this Court, complaining generally the respondent, the Honorable J. Manuel Banales, the presiding judge of the 105th District Court of Kleberg County, Texas, has committed error in dismissing relator's "Motion to Set Aside Indictment" for want of jurisdiction.

We affirmed relator's conviction for murder and first degree felony injury to a child on direct appeal. *See Durham v. State*, No. 13-99-00045-CR, 2001 Tex. App. LEXIS 1180, at *2 (Tex. App.–Corpus Christi Feb. 22, 2001, pet. ref'd) (en banc). Relator's petition for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

writ of mandamus constitutes a collateral attack on his conviction. Such an attack falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008). While courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See id.* art. 11.07 § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding). The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Therefore, the petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 23rd day of June, 2009.

2