NUMBER 13-09-00346-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: GLENN LACY DURHAM






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Per Curiam Memorandum Opinion (1)


 Relator, Glenn Lacy Durham, has filed a pro se petition for writ of mandamus in this
Court, complaining generally the respondent, the Honorable J. Manuel Banales, the
presiding judge of the 105th District Court of Kleberg County, Texas, has committed error
in dismissing relator's "Motion to Set Aside Indictment" for want of jurisdiction.

 We affirmed relator's conviction for murder and first degree felony injury to a child
on direct appeal. See Durham v. State, No. 13-99-00045-CR, 2001 Tex. App. LEXIS 1180,
at *2 (Tex. App.-Corpus Christi Feb. 22, 2001, pet. ref'd) (en banc). Relator's petition for
writ of mandamus constitutes a collateral attack on his conviction. Such an attack falls
within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2008). While courts of appeals have mandamus jurisdiction in criminal matters, only the
Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. 
See id. art. 11.07 § 3; Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim.
App. 1991) (orig. proceeding); In re McAfee, 53 S.W.3d 715, 717 (Tex. App.-Houston [1st
Dist.] 2001, orig. proceeding). The Court, having examined and fully considered the
petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this
matter. Therefore, the petition for writ of mandamus is DISMISSED for want of jurisdiction. 
See Tex. R. App. P. 52.8(a). 


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 23rd day of June, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).