Opinion issued August 6, 2009







 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00596-CR

____________


LESTER ERWIN CARROLL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

 Harris County, Texas

Trial Court Cause No. 944193






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, (1) Lester Erwin Carroll, IV,
was convicted by a jury of the felony offense of robbery in trial court cause number 
944193. After finding true two felony enhancement paragraphs alleged in the
indictment, the jury assessed punishment at life in prison. Appellant gave notice of
appeal of his conviction, and the appeal was assigned to this Court as appellate case
number 01-03-00444-CR. On July 1, 2004, this Court affirmed the judgment of the
trial court in cause number 944193. (2)
 See Carroll v. State, 176, S. W. 3d 249, (Tex.
App.--Houston [1st Dist.] 2004, pet. ref'd). Our mandate issued on August 12, 2005. 

 On April 13, 2009, appellant filed a pro se post-conviction motion, in trial
court cause number 944193, styled "motion for court ordered access to trial attorney's
Texas State Bar's discipline records." In his motion, appellant states that he is
preparing a post-conviction claim of ineffective assistance of counsel. On April 15,
2009, the trial court denied the motion without hearing. On April 30, 2009, appellant
filed a notice of appeal of the trial court's denial of his motion for court-ordered
access to trial attorney's Texas State Bar discipline records. (3)

 We lack jurisdiction to hear this appeal because only the Texas Court of
Criminal Appeals has jurisdiction over matters related to final post-conviction felony
proceedings. Tex. Code Crim. Proc. Ann. Art. 11.07 (Vernon Supp. 2008). See
Ater v. Eight Court of Appeals, 802 S.w. 2d 241, 243 (Tex. Crim. App. 1991) (orig.
proceeding); In re McAffee, 53 S.W. 3d 715 ( Tex. App. - Houston [1st Dist.]
2001,original proceeding). 

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b)


1. The judgment and sentence in trial court cause number 944193, reflect that
appellant was convicted and sentenced using the name Lester Erwin Carroll.
2. Appellant in three issues on appeal contended that the trial court erred by
denying appellant's motion to proceed pro se, by not conducting a hearing on
his motion to substitute appointed counsel, and by denying that motion. We
affirmed in an opinion designated for publication that issued on July 1, 2004.

3. The Supreme Court of Texas has the constitutional and statutory responsibility
within he State for the lawyer discipline and disability system, and has inherent
power to maintain appropriate standards of practice. . .To carry out this
responsibility, the Court promulgates rules for lawyer discipline and disability
proceedings. Subject to the inherent power of the Supreme Court of Texas, the
responsibility for administering and supervising lawyer discipline anddisability
is delegated to the Board of Directors of the State Bar of Texas. See Tex. R
Disciplinary P. preamble, reprinted in Tex. Gov't Code Ann., tit.2, subtit. 
(Vernon 2005).


 The State Bar's Commission for Lawyer Discipline is represented by the
Chief Disciplinary Counsel. See Tex. Gov't Code Ann. § 81.075(a). 
Also see, Tex. R. Disciplinary p. 5.01. We note that the State Bar of
Texas maintains a website "The Texas Attorney Profile" that provides
basic information about attorneys licensed to practice in Texas and for
sanction information refers inquiries to the Office of the Chief
Disciplinary Counsel. The information is provided as a public service by
the State Bar of Texas. See Tex. Gov't Code Ann. § 81.115 (Vernon
2008).