Opinion issued December 16, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00891-CR

———————————

IN RE TED LAWRENCE
ROBERTSON, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Ted Lawrence Robertson, has filed a pro se petition
for writ of mandamus, asking this court to direct respondent[1]
to “immediately vacate and/or
set aside” as void “the conviction, judgment, sentence, and nunc pro tunc
judgment” in the underlying case.[2]  We deny the petition for writ of mandamus.

On June 10, 2003, a jury convicted relator of the felony
offense of violation of a protective order. 
Relator’s conviction was affirmed on appeal, and the Court of Criminal
Appeals denied relator’s petition for discretionary review. See Robertson v. State, 175 S.W.3d 359
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).  Subsequently, relator sought mandamus relief
in this court, which was denied on the basis that the exclusive post-conviction
remedy in final felony convictions is through a writ of habeas corpus.  In re
Robertson, No. 01-09-00966-CR, 2009 WL 5174157, at *1 (Tex. App.—Houston
[1st Dist.] Dec. 28, 2009, orig. proceeding). 


In the instant mandamus proceeding, relator asserts that his
conviction, his sentence, and the trial court’s judgment are void.  Relator again seeks post-conviction relief
from an otherwise final felony conviction.  

A writ of habeas corpus is the “exclusive post-conviction
remedy in final felony convictions.” Olivo
v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996).  Jurisdiction to declare a judgment of
conviction “void” has passed to the Texas Court of Criminal Appeals.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2010); Ater v. Eighth Court
of Appeals, 802 S.W.241, 242–43 (Tex. Crim. App. 1991) (concluding that court
of appeals was without jurisdiction to grant mandamus relief because defendant
sought relief from final felony conviction); In re McAfee, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.]
2001, orig. proceeding) (“Only the Court of Criminal Appeals has jurisdiction
in final post-conviction felony proceedings.”). 

Accordingly,
we deny the petition for writ of mandamus. 
We dismiss any pending motions as moot.

PER CURIAM

Panel
consists of Justices Keyes, Higley, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Respondent is The Honorable Ruben Guerrero of the 174th District Court
of Harris County, Texas.

 





[2]
          State v. Ted Lawrence Robertson, No. 940376 (174th District Court of Harris
County, Tex., Jun. 10, 2003).