Opinion issued February 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00311-CR

———————————

IN RE David Villalon, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

Relator, David Villalon, has filed a pro se petition for writ
of mandamus, requesting that this Court compel the district court to vacate its
stacking order in the underlying case.[1]  

More than twenty years ago, relator pleaded guilty to the
offense of possession of a deadly weapon in a penal institution and was
sentenced to two years’ confinement.  The
trial court’s judgment nunc pro tunc includes a stacking order, providing that
relator’s sentence is cumulative of a sentence for a subsequent offense in
another county.  According to relator,
the stacking order is void because his sentence should be cumulative of the sentence
for the original offense for which relator was confined at the time he
possessed the weapon.    

Relator’s conviction is final.  There is no indication that relator filed an appeal.  He did, however, file two petitions for writ
of habeas corpus with the Texas Court of Criminal Appeals.  Relator’s first petition was denied without
opinion.  The second petition, which
relator asserts challenged the trial court’s jurisdiction to issue the stacking
order made the basis for this mandamus proceeding, was dismissed as a
subsequent writ.  Relator complains that,
because the Texas Court of Criminal Appeals has denied or dismissed his petitions
for a writ of habeas corpus, he is without further appellate remedies and
mandamus relief is proper.

This Court does not have jurisdiction to consider relator’s
request for mandamus relief.  Article
11.07 provides the exclusive means to challenge a final felony conviction.  Tex.
Code Crim. Proc. Ann. art.
11.07 § 5 (Vernon Supp. 2010); Bd. of
Pardons & Paroles ex rel Keene v. Court of Appeals for the Eighth District,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995). 
Jurisdiction to grant post-conviction habeas corpus relief on a final
felony conviction rests exclusively with the Texas Court of Criminal
Appeals.  Tex. Code Crim. Proc. Ann.
art. 11.07 § 5; see In re McAfee, 53
S.W.3d 715, 717-18 (Tex. App.—Houston [1st Dist.]
2001, orig. proceeding).  

Accordingly, relator’s petition for writ of mandamus is dismissed.

 

PER CURIAM

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The underlying case is State v. Villalon, No. 20,457 in the
23rd District Court of Brazoria County, Texas, the Honorable Ben Hardin
presiding.