Opinion issued March 29, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-12-00101-CR

———————————

in re STANLEY WASHINGTON, Relator



 



 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Case No. 817229



 



 

 

MEMORANDUM OPINION

          Relator,
Stanley Washington, has filed pro se a petition for writ of mandamus, contending
that the trial court has abused its discretion in not “filing, ruling [upon],
and processing” his Motion for New Trial, Motion for Evidentiary Hearing,
Affidavit, Request for Appointment of Counsel, Request to Proceed in Forma
Pauperis, and Motion for Findings of Fact and Conclusions of Law.  Washington asserts that more than 90 days
have passed since he filed these documents in the trial court and the trial
court has refused to respond within a reasonable time.  Washington attaches to his petition his
Motion for Leave to File Writ of Mandamus and new-trial motion, in which he
asserts that he is entitled to a new trial based upon newly discovered
evidence, the State presented false testimony, and he received ineffective
assistance during the trial of his underlying case and a subsequent habeas
proceeding.  

          On
December 20, 2001, we affirmed Washington’s conviction of the offense of aggravated
sexual assault of a child.[1]  See
Washington v. State, 01-00-00468, 2001 WL 1632123 (Tex. App.—Houston [1st
Dist.] Dec. 20, 2001, pet. ref’d) (not designated for publication).  Washington’s petition reflects that the
motions about which he complains were filed for the purpose of obtaining relief
from his final felony conviction.  The
exclusive remedy from final felony convictions is a writ of habeas corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).  Only the Texas Court of
Criminal Appeals has jurisdiction in final post-conviction habeas corpus
proceedings.  See id.; Board of Pardons
& Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d
481, 483 (Tex. Crim. App. 1995); In re
McAfee, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding).  Thus, this Court is without
authority to grant the relief Washington seeks.  See
Board of Pardons & Paroles ex rel. Keene, 910 S.W.2d at 483; In re McAfee, 53 S.W.3d at 717–18; In re Murphy, No. 01–11–00120–CR, 2011
WL 1326032, at *1 (Tex. App.—Houston [1 Dist.] Apr. 7, 2011, orig. proceeding)
(mem. op.).

We dismiss the petition for writ of mandamus for lack of
jurisdiction.

 

PER CURIAM

Panel
consists of Justices Jennings, Massengale, and Huddle.

Do Not Publish.  Tex.
R. App. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 22.021
(Vernon 2011).