**Opinion issued June 27, 2013.**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-13-00485-CR

———————————

## IN RE ELDRIDGE MCKNIGHT, JR., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Eldridge McKnight, Jr., pleaded guilty to the offense of aggravated sexual assault of a child.[1] In January 2001, the trial court accepted McKnight's plea, deferred adjudication on the charge, and sentenced McKnight to six years' community supervision. In December 2005, the trial court revoked McKnight's community supervision and sentenced him to eight years' confinement. McKnight

---

[1] The underlying case is *State v. McKnight*, No. 31,585, in the 240th District Court of Fort Bend County, Texas.

has filed a pro se petition for writ of mandamus, contending that his conviction and sentence are void because (1) a person convicted of aggravated sexual assault of a child is not eligible for community supervision, (2) the statute of limitations expired before he was indicted, and (3) an associate judge rendered the judgment.

McKnight seeks relief from a final felony conviction. This Court is without jurisdiction to grant such relief because the exclusive remedy for final felony convictions is a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717−18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). And only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483; *In re McAfee*, 53 S.W.3d at 717−18. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction, and we dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.
Do not publish. TEX. R. APP. P. 47.2(b).