**Dismiss Writ and Opinion Filed this 30th day of January, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00100-CV

### IN RE BILLY RICHARDSON, Relator

**Original Proceeding from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-0175463-PL**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Before the Court is relator's petition for writ of mandamus in which relator complains that the convicting court has failed to rule on his motion for production of the medical report prepared in connection with the rape examination of the victim. The motion for production of the medical report was filed in conjunction with relator's post-conviction petition for habeas corpus. Relator's petition for writ of habeas corpus was filed in the convicting court on April 1, 2011. The motion for production of the medical report was filed in the convicting court on July 13, 2011. The Texas Court of Criminal Appeals denied the petition for writ of habeas corpus on November 14, 2012.

This Court does not have jurisdiction over relator's petition. Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, no pet.) While the courts of appeals have concurrent mandamus jurisdiction with the Court of

Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003), only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.); *In re Bailey,* 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee,* 53 S.W.3d at 717. Should an applicant find it necessary to complain about an action or inaction of the convicting court with regard to any matter related to the petition for writ of habeas corpus, the applicant may seek mandamus relief only from the Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d at 717. Because relator's petition for mandamus arises from a failure to rule on a motion in his post-conviction application for writ of habeas corpus, we do not have jurisdiction over the complaint. Accordingly, we **DISMISS** his petition for writ of mandamus for want of jurisdiction.

140100F.P05

/David Bridges/
DAVID BRIDGES
JUSTICE