**Opinion issued April 22, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00292-CR

———————————

## IN RE CHARLES LEE GRABLE, Relator

———

### Original Proceeding on Petition for Writ of Mandamus

———

### MEMORANDUM OPINION

On April 8, 2014, the relator, Charles Lee Grable, filed a petition for writ of mandamus, seeking to compel the trial court to withdraw relator's guilty plea and "return both the relator and the State to the positions they occupied before the plea bargain."[1] We dismiss the petition.

---

[1] The underlying case is *State v. Grable*, No. 764539, in the 232nd District Court of Harris County Texas, the Honorable Mary Lou Keel presiding.

In 1998, relator pleaded guilty to the felony offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). The trial court deferred an adjudication of guilt and placed relator on probation for five years. Later that year, relator's guilt was adjudicated and punishment was assessed at confinement for sixteen years in the Institution Division of the Texas Department of Criminal Justice. *See Grable v. State*, No. 14-02-00335-CR, 2002 WL 1000398, at *1 (Tex. App.—Houston [14th Dist.] May 16, 2002, no pet.) (not designated for publication) (dismissing appeal for want of jurisdiction because notice of appeal was untimely).

A writ of habeas corpus is the exclusive means to challenge a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Bd. of Pardons & Paroles v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *see also Bd. of Pardons & Paroles*, 910 S.W.2d at 483. The Court has no authority to issue a writ of mandamus on matters seeking post-conviction relief in felony convictions in which the judgment is final. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we **dismiss** the petition for writ of mandamus for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).

3