**Petition for Writ of Mandamus Denied and Opinion filed May 24, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00404-CR

---

### IN RE EDWARD ROY NEWSOME, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 441673**

---

## MEMORANDUM OPINION

On May 16, 2016, relator Edward Roy Newsome filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. The petition generally requests mandamus relief, but does not complain of any specific action of the trial court or request any specific relief. The petition references a grievance that relator allegedly filed against the counsel who

represented him in the appeal of his felony criminal conviction in the trial court below, but states no other facts.[1]

Rule 52.3 of the Texas Rules Appellate Procedure, requires, among other things, that a petition for writ of mandamus state (1) the name of the respondent, (2) a description of the respondent's action from which the relator seeks relief, (3) the issues or points presented for relief, (4) the facts that are pertinent to relator's issues or points, (5) a clear and concise argument for the contentions made, with appropriate citations to the appendix or record, and (6) the relief sought. *See* Tex. R. App. P. 52.3. Relator's petition does not meet any of these requirements.

Further, Rule 52.3(e) requires the petition to state the basis for this court's jurisdiction. *See* Tex. R. App. P. 52.3(e). This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. Further, although the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See* Tex. Code Crim. Proc. art. 11.07 § 3; *Board of Pardons &*

---

[1] This court affirmed relator's conviction for the felony of unauthorized use of a motor vehicle in 1988 in the trial court below, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Newsome v. State*, No. C14–87–00048–CR, 1988 WL 26430 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (not designated for publication).

2

*Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S. W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Relator's petition does not state a basis for this court's mandamus jurisdiction, much less a basis that complies with these requirements.

Finally, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator has not provided this court with any record, much less a record establishing his right to mandamus relief.

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).