**Dismissed and Opinion Filed July 7, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00770-CR
No. 05-16-00771-CR
No. 05-16-00772-CR
No. 05-16-00773-CR

**EX PARTE MICHAEL WHALEY, Relator**

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F91-45041, F92-36477. F92-36482, F93-01488**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Relator was convicted in 1993 for aggravated robbery, engaging in organized criminal activity, and aggravated assault. The Eastland Court of Appeals affirmed the conviction on direct appeal. *See Whaley v. State*, No. 11-93-00127-CR (Tex. App.—Eastland Dec. 9, 1993, no pet.). In this original proceeding, relator complains that his sentences were excessive and his convictions the result of ineffective assistance of counsel and prosecutorial misconduct. He asks this Court to conduct an evidentiary hearing under article 11.07(d) of the Code of Criminal Procedure.

Although relator styles the petition as a "Notice of Appeal," the substance of the petition is a collateral attack on his underlying convictions.[1] Such an attack falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *Id* ; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief).

Accordingly, we **DISMISS** this proceeding for want of jurisdiction.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160770F.U05

---

[1] Sentence was imposed in these cases on June 9, 1993. Relator has already had one direct appeal from his convictions and nothing in his latest filing indicates that the trial court issued any new, appealable orders. To the extent relator seeks to again directly appeal the 1993 convictions, such an appeal is untimely. TEX. R. APP. P. 26.2(a)(1).