# NO. 12-15-00143-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SHANE CAIN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Relator Shane Cain seeks a writ of mandamus vacating a judgment of conviction that he asserts is void. He alleges that, on April 12, 1993, he waived his right to a jury trial and pleaded "guilty" to possession of a deadly weapon in a penal institution. The trial court found him guilty and sentenced him to imprisonment for thirty-five years. Relator now contends that the statute authorizing his jury waiver is void, which in turn renders his jury waiver and conviction void. He asks this Court to vacate or overturn the judgment and remand the case to the trial court for a jury trial. Alternatively, he asks that this Court reform or modify the judgment to reduce his sentence to imprisonment for ten years to run concurrently.

The only proper means of collaterally attacking a final felony conviction is by a petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5 (West 2005) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."). This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under article 11.07. *See id*. arts. 11.05, 11.07 (West 2005). Only the convicting court and the court of criminal appeals have any role to play in attempts to raise postconviction challenges to final felony convictions. ***In re McAfee***, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding). For that reason, we may not grant a writ of mandamus, a writ of injunction, or any other writ of any kind

that would result in vacating a judgment of conviction. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief).

Nevertheless, Relator contends that mandamus is appropriate here because he is not allowed to file any petitions for writ of habeas corpus in Houston County. That fact, however, does not give this Court jurisdiction of Relator's complaint. *See id*. Accordingly, we ***deny*** Relator's petition for writ of mandamus. All pending motions are overruled as moot.

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 17, 2016

NO. 12-15-00143-CR

**SHANE CAIN,**
Relator
V.
**HOM. PAM FLETCHER,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **SHANE CAIN**, who is the relator in Cause No. 14-288-CR, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on June 1, 2015, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*