**Dismissed in part, Denied in part, and Opinion Filed September 18, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01079-CV

### IN RE TROY ALAN STILLS, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 063589**

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Whitehill
Opinion by Justice Francis

In this original proceeding, relator asks this Court to order the trial court to grant certain motions purportedly pending in the trial court, correct the degree of felony in his conviction, and reduce his sentence. This proceeding is a collateral attack on a final conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony proceedings. *Id*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Accordingly, we dismiss this proceeding for want of jurisdiction to the extent relator attacks his final conviction.

To the extent relator seeks only a writ directing the trial court to rule on certain motions, we deny the petition because relator has not provided the Court with a record establishing that

the motions were properly filed and presented to the trial court, relator requested a hearing or ruling on the motions, and the trial court refused to rule or failed to rule within a reasonable time. As such, relator is not entitled to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a); *see also In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (mem. op.) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting it for submission or hearing).

/Molly Francis/
MOLLY FRANCIS
JUSTICE

171079F.P05