

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-18-00121-CR**
**No. 10-18-00122-CR**

**IN RE REGINALD BERNARD HATTON**

_____

**Original Proceedings**

_____

**MEMORANDUM OPINION**

_____

In combined petitions for writ of mandamus, Reginald Bernard Hatton requests this Court to compel the trial court to modify two judgments in final felony convictions which stack each of Hatton's sentences.

Although the courts of appeals have mandamus jurisdiction over criminal law matters concurrent with the mandamus jurisdiction of the Texas Court of Criminal Appeals, *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987), Hatton has an adequate remedy at law: a post-conviction writ of habeas corpus. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). And only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings.

TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ater*, 802 S.W.2d at 243; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, because Hatton complains about final felony convictions and only the Court of Criminal Appeals has jurisdiction regarding Hatton's complaints, Hatton's petitions for writ of mandamus are dismissed for want of jurisdiction.


           TOM GRAY
           Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petitions dismissed
Opinion delivered and filed April 18, 2018
Do not publish
[OT06]

