**Dismissed and Opinion Filed September 4, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00973-CV

### IN RE LOWELL DEQUINCY GREEN, Relator

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F89-97008-HT**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

In this original proceeding, relator seeks a writ of habeas corpus to reform a 1989 judgment from the 283rd Judicial District Court of Dallas County and a 2013 judgment from the 54th Judicial District Court of McLennan County. Relator complains that the McLennan County court improperly stacked the two judgments and, as a result, his sentence changed from a thirty-year sentence to a life sentence. We dismiss this proceeding for want of jurisdiction.

This proceeding is a collateral attack on a final conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony proceedings. *Id*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Further, we lack

writ jurisdiction over the McLennan County court. *See* TEX. GOV'T CODE 22.221. Accordingly, we dismiss this proceeding for want of jurisdiction.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180973F.P05