**DISMISS; and Opinion Filed February 4, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00100-CV**
**No. 05-19-00101-CV**
**No. 05-19-00102-CV**

**IN RE KENTRAIL R. MCCUIN, Relator**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F-12-51308-L, F-12-51309-L, and F-12-51310-L**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Schenck

In 2012, relator was convicted by a jury of evading arrest or detention, unlawful possession of a firearm by a felon, and possession with intent to deliver more than one gram and less than four grams of cocaine in a drug-free zone while using or exhibiting a deadly weapon. *McCuin v. State*, Nos. 05-12-01148-CR, 05-12-01149-CR & 05-12-01150-CR, 2013 WL 3929215 (Tex. App.—Dallas July 26, 2013, no pet.) (not designated for publication). The trial court assessed punishment at two years' imprisonment in the evading case, five years' imprisonment in the firearm case, and twenty years' imprisonment in the delivery case, and ordered that the sentences be served consecutively. *Id.* This Court affirmed his convictions. *Id.* Relator did not challenge the cumulation order in his appeal. *Id.* In this original proceeding, relator complains that the consecutive sentences constitute an improper cumulation order. Relator seeks a writ of mandamus directing the trial court to set aside the cumulation order.

This proceeding is a collateral attack on a final conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07; *see In re Colbert*, No. 05-18-00340-CV, 2018 WL 1704149, at *1 (Tex. App.—Dallas Apr. 9, 2018, orig. proceeding) (mem. op.) (court lacked jurisdiction over mandamus proceeding seeking writ directing trial court to vacate cumulation order from final felony conviction); *In re Taylor*, No. 12-12-00240-CR, 2012 WL 3201959, at *1 (Tex. App.—Tyler Aug. 8, 2012, orig. proceeding) (mem. op.) (dismissing original proceeding for want of jurisdiction where relator sought order directing the trial court to vacate cumulation order and reform the judgment to reflect that sentences are to run concurrently). Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. *In re Colbert*, 2018 WL 1704149, at *1; *see also In re Taylor*, 2012 WL 3201959, at *1. Accordingly, we dismiss this proceeding for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190100F.P05