**DENIED in part; DISMISS in part; and Opinion Filed February 27, 2019**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

___

### No. 05-19-00221-CV
___

## IN RE REGINALD ARLEIGH NOBLE, Relator

___

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F00-50025**

___

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

Before the Court is Reginald Noble's February 19, 2019 petition for writ of mandamus.

Relator was convicted of aggravated sexual assault of a child and sentenced to life in prison. Appellant's conviction was affirmed on direct appeal. *Noble v. State*, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App.—El Paso Feb. 4, 2002, pet. ref'd) (not designated for publication). On December 1, 2017, relator filed a "Notice of Appeal," "Motion to Vacate a Void Judgment," and "Motion for New Trial" in which he complained that the trial court had no subject matter jurisdiction over his case, making the underlying judgment void. That appeal was dismissed for lack of jurisdiction. *Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083 (Tex. App.—Dallas Dec. 22, 2017, no pet.) (not designated for publication). In his February 2019 petition, relator complains that the trial court failed to hold a hearing on his request for an article 11.07 writ of habeas corpus and asks this Court to grant him a new trial.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motion for a hearing, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, to the extent he complains of the trial court's failure to act, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

Regarding his request for a new trial, we note relator is attacking his prior final conviction which falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st

Dist.] 2001, no pet.); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief). To the extent relator requests we grant him a new trial, we lack jurisdiction to do so. Accordingly, we dismiss his request for want of jurisdiction.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


190221F.P05