

IN THE

TENTH COURT OF APPEALS

_____

No. 10-19-00342-CR
No. 10-19-00343-CR

IN RE REGINALD BERNARD HATTON

_____

Original Proceeding

_____

MEMORANDUM OPINION

In combined petitions for writ of mandamus, Reginald Bernard Hatton requests

this Court to compel the trial court to modify two judgments in final felony convictions

which stack each of Hatton's sentences.[1] There are numerous procedural problems with

Hatton's petitions, such as no prayer, no certification, no appendix, and no record, as

required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(i), (j), (k); 52.7. The

---

[1] This new filing is, for all practical purposes, the same as two previously filed petitions for writ of mandamus. *See In re Hatton*, Nos. 10-18-00121-CR, 10-18-00122-CR, 2018 Tex. App. LEXIS 2726 (Tex. App.—Waco Apr. 18, 2018, orig. proceedings).

petitions were also not properly served. *See* TEX. R. APP. P. 9.5. However, we use Rule 2 to dispense with these requirements and proceed to a timely disposition of the petitions.

Although the courts of appeals have mandamus jurisdiction over criminal law matters concurrent with the mandamus jurisdiction of the Texas Court of Criminal Appeals, *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987), Hatton has an adequate remedy at law: a post-conviction writ of habeas corpus. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). And only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ater*, 802 S.W.2d at 243; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, because Hatton complains about final felony convictions and only the Court of Criminal Appeals has jurisdiction regarding Hatton's complaints, Hatton's petitions for writ of mandamus are dismissed for want of jurisdiction.

Hatton also presented motions for leave to file his petitions for writ of mandamus. A motion for leave to file a petition for writ of mandamus is required when relief is sought from the Court of Criminal Appeals. TEX. R. APP. P. 72.1. But the requirement for leave to file a petition at the court of appeals level was eliminated in 1997. *See* TEX. R. APP. P. 52, Notes and Comments. Thus, under the applicable rules, if mandamus relief is sought from an intermediate court of appeals, such as the Tenth Court of Appeals, a motion for

leave to file the petition is unnecessary.  Accordingly, Hatton's motions for leave to file a

writ of mandamus are dismissed as moot.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Petitions dismissed
Motions dismissed
Opinion delivered and filed October 16, 2019
Do not publish
[OT06]

