

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-19-00442-CR
No. 10-19-00446-CR
No. 10-19-00447-CR
No. 10-19-00448-CR
No. 10-19-00449-CR
No. 10-19-00450-CR
No. 10-19-00451-CR
No. 10-19-00452-CR
No. 10-19-00453-CR
No. 10-19-00454-CR

**IN RE WILLIAM ARTHUR MCINTOSH**

**Original Proceeding**

## MEMORANDUM OPINION

William Arthur McIntosh, an inmate, requests that we declare his judgments of conviction void and grant writs of mandamus in ten separate final felony convictions from 1994. He argues the failure of the trial court to file an anti-bribery affidavit rendered the convictions "null and void."

Once a felony conviction becomes final, only the Texas Court of Criminal Appeals has jurisdiction to review post-conviction collateral attacks on those convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, because McIntosh complains about final felony convictions and only the Court of Criminal Appeals has jurisdiction regarding his complaints, McIntosh's petitions for writ of mandamus are dismissed for want of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Petitions dismissed
Opinion delivered and filed December 18, 2019
Do not publish
[OT06]

