

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00101-CR

**IN RE** Bryan Keith **CRUM**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
           Luz Elena D. Chapa, Justice
           Irene Rios, Justice

Delivered and Filed: March 11, 2020

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR WANT OF JURISDICTION

On March 2, 2020, relator filed a petition for writ of mandamus. Relator also filed a motion for leave to file his petition for writ of mandamus and a request for findings of fact and conclusions of law.

We deny as moot relator's request to file a petition for writ of mandamus because leave is not required to file a petition in an intermediate appellate court. *See* TEX. R. APP. P. 52.1; *In re Medina*, 04-19-00041-CR, 2019 WL 360534, at *1 (Tex. App.—San Antonio Jan. 30, 2019, no pet.).

In his petition for writ of mandamus, relator asks this court to (1) direct the trial court to vacate and void his underlying 2012 criminal conviction because the trial court lacked jurisdiction,

---

[1] This proceeding arises out of Cause No. B10-826, styled *The State of Texas v. Bryan Keith Crum*, pending in the 198th Judicial District Court, Kerr County, Texas, the Honorable Rex Emerson presiding.

and (2) order the district attorney to issue a finding of actual innocence because there was no evidence to support the original charging instruments. Intermediate courts of appeals have limited writ jurisdiction in criminal matters. *See* TEX. GOV'T CODE § 22.221. The Texas Court of Criminal Appeals, however, has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. art. 11.07; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of Court of Criminal Appeals to grant post-conviction relief). If an applicant finds it necessary to complain about an action or inaction of the convicting court, the applicant may seek relief from the Texas Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). This court lacks jurisdiction over relator's complaints regarding his 2012 conviction. Accordingly, we dismiss this proceeding for want of jurisdiction. We also deny relator's request for findings of fact and conclusions of law.

PER CURIAM

Do not publish