# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00003-CV

### In re Steven Michael Backstrom

### ORIGINAL PROCEEDING FROM BURNET COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Steven Michael Backstrom filed a pro se petition for writ of mandamus complaining of the district court's alleged refusal to rule on his "Motion to Investigate Fraud on the Court" filed August 19, 2019. On September 12, 2019, Backstrom filed a motion for an evidentiary hearing on his motion to investigate and a "Petition for Findings of Fact and Conclusions of Law."[1]

The district attorney's response to the mandamus petition notes that Backstrom's district-court filings relate to his second postconviction application for writ of habeas corpus[2] that was filed with the district court and denied by the Texas Court of Criminal Appeals without

---

[1] Backstrom provided only the first page of his district-court filings.

[2] Backstrom has filed multiple postconviction applications for writ of habeas corpus. *See Ex parte Backstrom*, No. WR-76,283-08 (Tex. Crim. App. May 9, 2018); *Ex parte Backstrom*, No. WR-76,283-06 (Tex. Crim. App. Sept. 16, 2015); *Ex parte Backstrom*, No. WR-76,283-04 (Tex. Crim. App. Nov. 12, 2012); *Ex parte Backstrom*, No. WR-76,283-01 (Tex. Crim. App. Aug. 24, 2011).

a written order. *See Ex parte Backstrom*, No. WR-76,283-04 (Tex. Crim. App. Nov. 12, 2012). Backstrom is attempting a collateral attack on the denial of that prior habeas application.

Jurisdiction over postconviction relief from final felony convictions is vested exclusively in the Texas Court of Criminal Appeals. *Ex parte Garcia*, No. 03-14-00292-CR, 2014 Tex. App. LEXIS 8715, at *1 (Tex. App.—Austin Aug. 8, 2014, orig. proceeding); *see* Tex. Code Crim. Proc. art. 11.07, § 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Intermediate courts of appeals have no jurisdiction in criminal law matters pertaining to proceedings initiated under article 11.07. *Garcia*, 2014 Tex. App. LEXIS 8715, at *1; *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Here, Backstrom's mandamus petition states that he seeks to investigate his trial counsel's "fraudulent statements" in an affidavit presented to the district court in 2012 on Backstrom's prior postconviction habeas application. We conclude that we lack jurisdiction over Backstrom's mandamus petition because it seeks a district-court ruling and findings pertaining to the denial of his prior postconviction habeas application. *See In re Villa*, No. 07-18-00220-CV, 2018 Tex. App. LEXIS 5821, at *2 (Tex. App.—Amarillo July 26, 2018, orig. proceeding) (concluding that court lacked jurisdiction to order district-court judge to conduct hearing on disputed facts concerning relator's punishment-enhancement complaint and noting that relator had requested hearing of this nature as to 11.07 habeas corpus application that was dismissed in 2015); *In re Morgan*, No. 02-16-00077-CV, 2016 Tex. App. LEXIS 3136, at *1 (Tex. App.— Fort Worth Mar. 28, 2016, orig. proceeding) (concluding that court lacked jurisdiction over relator's mandamus petition that challenged trial court's express or implied rulings made during

prior 11.07 application); *In re Estes*, No. 11-15-00002-CR, 2015 Tex. App. LEXIS 545, at *3 (Tex. App.—Eastland Jan. 22, 2015, orig. proceeding) (same).

Accordingly, Backstrom's petition for writ of mandamus is dismissed for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed:   March 13, 2020