# NO. 12-21-00028-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DEDRICK DEAN MATTHEWS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Dedrick Dean Matthews, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his petition for writ of habeas corpus.[1]  He seeks a writ of mandamus ordering Respondent to issue a writ of habeas corpus to overturn his conviction and vacate his sentence.

In 2008, Relator was convicted of felony bail jumping.  *See Matthews v. State*, No. 06-08-00076-CR, 2008 WL 4949245 (Tex. App.—Texarkana Nov. 21, 2008, no pet.) (mem. op., not designated for publication) (affirming conviction).  The appropriate method for collaterally attacking his final felony conviction is by a petition for writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005).  This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under Article 11.07.  *See id*. arts. 11.05, 11.07 (West 2005).  Only the convicting court and the court of criminal appeals have any role to play in attempts to raise postconviction challenges to final felony convictions.  *See In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also In re Brager*, No. 12-20-00203-CR, 2020 WL 5552618, at *1-2

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

(Tex. App.—Tyler Sept. 16, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus petition seeking to compel respondent to withdraw allegedly void cumulation order and judgment of felony conviction); *In re Colbert*, No. 05-18-00340-CV, 2018 WL 1704149, at *1 (Tex. App.—Dallas Apr. 9, 2018, orig. proceeding) (mem. op.) (no jurisdiction over mandamus proceeding seeking writ directing trial court to vacate cumulation order from final felony conviction); *Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, no pet.) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings).

Accordingly, we *deny* Relator's petition for writ of mandamus. All pending motions are *overruled as moot*.

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-21-00028-CR**

**DEDRICK DEAN MATTHEWS,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus filed by Dedrick Dean Matthews; who is the relator in appellate cause number 12-21-00028-CR and the defendant in trial court cause number 114-0921-07, formerly pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on February 23, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*