

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00382-CR

**IN RE** Jaime **FLORES**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Beth Watkins, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: September 22, 2021

DISMISSED FOR LACK OF JURISDICTION

In his petition for writ of mandamus, relator asks this court to direct the trial court to withdraw relator's allegedly unknowing, unintelligent, and involuntary 2007 plea of guilty. Intermediate courts of appeals have limited writ jurisdiction in criminal matters. *See* TEX. GOV'T CODE § 22.221. The Texas Court of Criminal Appeals, however, has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. arts. 4.04, 11.07; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of Court of Criminal Appeals to grant post-conviction relief). If an applicant finds it necessary to complain about an action or inaction of the convicting court, the applicant may seek

---

[1]This proceeding arises out of Cause No. 2006-CR-6091, styled *The State of Texas v. Jaime Flores*.

relief from the Texas Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—

Houston [1st Dist.] 2001, orig. proceeding). This court lacks jurisdiction over relator's complaints

regarding his 2007 conviction. Accordingly, we dismiss this proceeding for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH