

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00212-CR

_____

Ex parte Michael Mallett

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. c-2-W012049-0249382-C

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Michael Mallett, an inmate appearing pro se, filed an "appeal" requesting that we review the trial court's November 2021 order dismissing his Article 11.07 writ of habeas corpus. Mallett seeks to challenge his 1985 conviction for the felony of aggravated sexual assault of a child, which we affirmed in 1986 after Mallett's direct appeal and for which mandate issued in 1988.

Article 11.07 of the code of criminal procedure provides the exclusive post-conviction remedy after final felony convictions in Texas. *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see* Tex. Code Crim. Proc. Ann. art. 11.07. It is well-settled that intermediate courts of appeals have no jurisdiction to consider matters related to post-conviction writs of habeas corpus under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals.").

Accordingly, we dismiss Mallett's appeal for want of jurisdiction.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 21, 2022