**Opinion filed October 3, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00262-CR

_____

## IN RE WILLIAM DAVID CRUTHIRD III

**Original Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, William David Cruthird III, was convicted by a jury of arson in 2021, and this court affirmed his conviction. *See* TEX. PENAL CODE ANN. § 28.02 (West 2019); *Cruthird v. State*, No. 11-21-00243-CR, 2023 WL 1826882, at *1 (Tex. App.—Eastland Feb. 9, 2023, pet. ref'd) (mem. op., not designated for publication). Proceeding pro se, Relator filed a petition for a writ of mandamus asking this court to compel the Honorable Jennifer Habert, the presiding judge of the 50th District Court of Baylor County, Texas "to [a]nswer or [r]espond to [Relator's] 11.07 Writ of Habeas Corpus."

This court's authority to issue original writs of mandamus is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2023) (limited writ powers granted to courts of appeals). To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). In doing so, relators have "the burden of providing th[e] [c]ourt with a sufficient record to establish their right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3, 52.7. This includes satisfying the requirement that "[e]very statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g). The petition must be accompanied by a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as well as "a properly authenticated transcript of any relevant testimony from any underlying proceeding." *Id.* R. 52.7(a); *In re Fears*, No. 05-24-00154-CV, 2024 WL 748077, at *1 (Tex. App.—Dallas Feb. 23, 2024, orig. proceeding) (mem. op.) (explaining how a relator may obtain certified or sworn copies of documents).

Relator seeks relief after his final felony conviction under Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2023); *see also* TEX. R. APP. P. 73 (governing postconviction applications for writs of habeas corpus filed under Article 11.07). However, the Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings." *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—

2

Houston [1st Dist.] 2001, orig. proceeding) (court of appeals had no jurisdiction to compel the trial judge to act on a petition filed pursuant to Article 11.07). Consequently, we have no jurisdiction as an intermediate appellate court to address this original proceeding. We further observe that, even if we did have jurisdiction, Relator's petition is not supported by competent evidence material to his claim for relief. *See* TEX. R. APP. P. 52.3, 52.7. As such, it is insufficient to establish his right to mandamus relief.

Accordingly, Relator's petition is dismissed for want of jurisdiction.

JOHN M. BAILEY
CHIEF JUSTICE

October 3, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.